IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FILED
FEB 06 2025
IN OPEN COURT
TAMMY H. DOWNS
By: _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:23CR-00018-BSM-03 |
| | ) |
| ORISTER BURTON, a/k/a Bae Bae | ) |

### PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Jonathan D. Ross, by and through Michael Gordon and Reese Lancaster, Assistant United States Attorneys, and Orister Burton, a/k/a Bae Bae, the defendant, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above-referenced proceedings.

1. **GUILTY PLEA:** The defendant will enter a plea of guilty to Possession of a Firearm by a Felon, a violation of Title 18, United States Code, Section 922(g)(1), as set forth in Count 56 of the Third Superseding Indictment. The defendant also agrees to Forfeiture Allegation 3. The United States agrees to move for dismissal of the remaining counts against the defendant in this matter upon acceptance of the guilty plea. The United States further agrees to not pursue criminal prosecution of the defendant for his fraudulent application, receipt, and forgiveness of a $20,000 loan he received through the Paycheck Protection Program on or about March 9, 2021 (SBA PPP Loan Number 9481518405). This is a Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) plea agreement.

2. **ELEMENTS OF THE CRIME:** The parties agree the elements of the offense to which the defendant will plead guilty are:

  A. The defendant had been convicted of a crime punishable by imprisonment for more than one year;

  B. Thereafter, knowing that he had been convicted of a crime punishable by imprisonment for more than one year, the defendant knowingly possessed a firearm; and

  C. The firearm was transported across a state line at some time during or before the defendant's possession of it.

The defendant agrees that he is guilty of the offense charged and that each of these elements is true.

3. **PENALTIES:**

  A. <u>STATUTORY PENALTIES</u>: The penalty for the charge set forth in Count 56 is not more than 10 years' imprisonment, a fine of not more than $250,000, not more than three years of supervised release, and a $100 special assessment. If the Court determines that 18 U.S.C. § 924(e) applies, then the penalty for the charge set forth in Count 56 is not less than 15 years' imprisonment, not more than life imprisonment, a fine of not more than $250,000, not more than five years of supervised release, and a $100 special assessment.

  B. <u>SUPERVISED RELEASE</u>: Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **WAIVERS**: The defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty

provided by law, if any, and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

      A.      The right to appeal or collaterally attack, to the full extent of the law, all non-jurisdictional issues, including any forfeiture or restitution order, as follows:

      (1)      the defendant waives the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, including the sentence imposed or any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct and the defendant reserves the limited right to appeal the substantive reasonableness of the sentence of imprisonment if the sentence is above the Guideline range that is established at sentencing and if the defendant makes a contemporaneous objection;

      (2)      the defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

      (3)      the defendant waives all rights to collaterally attack the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

      (4)      the defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

    (5) the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

    (6) the defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

  B. The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

  C. The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

  D. The right to confront and cross examine witnesses;

  E. The right to testify in his own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant; and

  F. The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

  G. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), the defendant understands that upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

5. **STIPULATIONS:** The United States and the defendant stipulate to the following:

  A. The parties agree that, pursuant to U.S.S.G. § 2K2.1(a)(3), the base offense level is 22 because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and because the defendant committed any part of the instant offense subsequent to sustaining one felony conviction for a crime of violence. However, nothing in this plea agreement shall prevent the base offense level and/or the defendant's criminal history category

from being calculated under U.S.S.G. § 4B1.4 (Armed Career Criminal), if that section is found to apply in this case.

    B.  The parties agree that, pursuant to U.S.S.G. § 2K2.1(b)(1)(C), the offense level shall be increased by six (6) levels because 25-99 firearms were involved.

    C.  The parties agree that, pursuant to U.S.S.G. § 2K2.1(b)(4)(B)(i), the offense level shall be increased by four (4) levels because at least one firearm had a serial number that was modified such that the original information was rendered illegible or unrecognized to the unaided eye.

    D.  The parties acknowledge that the cumulative offense level determined from the application of U.S.S.G. §§ 2K2.1(b)(1)-(4) may not exceed level 29, as U.S.S.G. §§ 2K2.1(b)(3)(A) does not apply in this case.

    E.  The parties agree that, pursuant to U.S.S.G. § 2K2.1(b)(5)(B)(i), the offense level shall be increased by two (2) levels because the defendant transported, transferred, sold, or otherwise disposed of a firearm knowing or having reason to believe that such conduct would result in the receipt of the firearm by an individual who was a prohibited person.

    F.  The parties agree that, pursuant to U.S.S.G. § 3B1.1, the offense level shall be increased by four (4) levels because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

    G.  The defendant is eligible for a two-level reduction for acceptance of responsibility unless the defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility, including illegal drug use. If the offense level is 16 or greater, the determination of whether the defendant is eligible

for a third level reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

   H. The parties stipulate that no other enhancements or reductions under Section 2K2.1, Chapter 3, or Chapter 5 of the Guidelines apply, other than those specifically set out in this Agreement and its Addendum.

   I. The defendant specifically waives any and all challenges to the searches, seizures, arrests, statements, and forfeitures that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. The defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

   J. The defendant stipulates that the following facts are true: In 2022, agents and task force officers (TFOs) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in Chicago, Illinois, traced twelve (12) firearms recovered during the investigation of various crimes in and around Chicago to co-defendant Mary Carter, who purchased the firearms at a pawn shop in Helena, Arkansas. (The crimes included shootings, car jackings, an armored car robbery, drug trafficking, and the illegal possession of firearms by various felons and gang members.) Upon further investigation, agents were able to identify an additional seventeen (17) firearms purchased by Carter at the pawn shop during a five-month period. Agents traveled to Arkansas to interview Carter, who admitted to purchasing the firearms for "Bae Bae", who was later identified as the defendant, Orister Burton, a convicted felon from Chicago, Illinois. To date,

fourteen (14) of the firearms Carter purchased for Burton have been recovered in or near Chicago, Illinois.

As the investigation continued, agents identified additional individuals who were involved in the illegal purchase and acquisition of firearms for Burton, including co-defendants Kevin Smith, Marcus Lockhart, Terry Carter, and Leon Franklin.

For example, during an interview with ATF agents, a cooperating witness (CW) stated he was introduced to "Bae Bae" through Marcus Lockhart. CW knew that "Bae Bae" was Lockhart's cousin from Chicago, Illinois. After several failed requests by Lockhart for CW to purchase firearms for Burton, CW eventually acquiesced to the request. CW told agents that Burton told him/her the type of firearm Burton wanted him/her to buy and that Burton gave him/her cash to make the purchase. CW stated that Burton picked him/her up in a red Chevy Impala and drove him/her to Kalb's Pawn and Retail in Helena, AR. CW entered the pawn shop, filled out the required paperwork, and then had to wait for the NICS background check to be completed before the firearm would be transferred to him/her. Burton drove CW back home, where he/she waited for the gun purchase to approved. CW later received a call informing him/her that his/her background check had been approved and that he/she could pick up the firearm. CW stated Burton picked him/her up and drove him/her back to the pawn shop. Burton then requested CW purchase two additional firearms and provided him/her with more cash to buy the extra guns. CW ultimately purchased three Glock, .40 caliber pistols, bearing serial numbers BUHR609, BUHR270, and AFZN471 from Kalb Pawn and Retail on October 14, 2021. Upon taking possession of the firearms, CW returned to Burton's vehicle and transferred possession of the firearms to Burton. Burton compensated CW by giving him/her cash and marijuana. Burton requested CW make additional purchases of firearms; however, CW declined. ATF agents obtained the ATF Form 4473

showing CW's purchase of these three firearms at Kalb Pawn and Retail on October 14, 2021. To date, these firearms have not been recovered.

The firearms functioned as designed, were not manufactured in the state of Arkansas, and traveled in interstate commerce either before or during the defendant's possession of it. At the time of the defendant's possession of the firearm, the defendant had been previously and knowingly convicted of a crime punishable by a term of imprisonment exceeding one year, as listed in the indictment.

      K.     The parties understand that the Court is not bound by these stipulations. The defendant further understands that if the Court does not accept this Plea Agreement, then the defendant is not entitled to withdraw the guilty plea or otherwise be released from the defendant's obligations under this Agreement and Addendum.

    6.    **SENTENCING GUIDELINES:** It is specifically understood by the defendant that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. The defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. The defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court. The parties understand and agree that if the guideline range is greater or less than the defendant or the United States expected it to be, and/or

the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum.

7. **ALLOCUTION**: The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8. **COOPERATION IN THE SENTENCING PROCESS**:

    A. The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

    B. The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

    C. The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but also requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

    D. The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9. **FINANCIAL MATTERS**:

    A. FINANCIAL STATEMENT: The defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

B.  GENERAL: The defendant agrees that, unless the Court specifically states otherwise, any restitution, fine, or forfeiture imposed by the Court in this case will be due and payable immediately and, therefore, the defendant consents to immediate enforcement by the United States by any means, including enforcement under Title 18, United States Code, Section 3613, and the Treasury Offset Program. If the Court imposes a payment schedule, then the defendant agrees that the schedule will represent a minimum payment obligation and does not preclude the United States from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligations. The defendant also understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. Further, the defendant understands and agrees that, under Title 11, United States Code, Section 523(a)(7) and other pertinent bankruptcy laws, any restitution, fine, or forfeiture imposed by the Court cannot be discharged in bankruptcy; accordingly, the defendant agrees not to attempt to discharge these obligations in any current or subsequent bankruptcy proceeding.

C.  FINES: The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

D.  SPECIAL PENALTY ASSESSMENT: The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court prior to appearing for sentencing. Cashier's checks or money orders should be made payable to "Clerk, United States District Court." The defendant agrees to provide a receipt as evidence of fulfillment of this obligation at the time of sentencing.

E.   RESTITUTION: The parties state that restitution is not applicable and that there are no victims who are due restitution from the defendant.

10.   **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**: The United States Attorney for the Eastern District of Arkansas will bring no further charges against the defendant for any acts or conduct arising out of the events described in the Third Superseding Indictment, which is the subject of this action, unless the defendant breaches this Agreement and Addendum.

11.   **RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12.   **ASSET FORFEITURE:**

   A.   The defendant agrees to forfeit all interests in the following property:

   1.   a Smith & Wesson, .40 S&W caliber pistol, bearing serial number JFL4305;

   2.   a Smith & Wesson, .40 S&W caliber pistol, bearing serial number FCU4990;

   3.   a Sarsilmaz ("SAR"), 9mm pistol, bearing serial number T1102-21BV75327;

   4.   a Sarsilmaz ("SAR"), 9mm pistol, bearing serial number T1102-20BV10255;

   5.   a Smith & Wesson, 9mm pistol, bearing serial number FDF1615;

6. a Ruger, 9mm pistol, bearing serial number 459-18799;

7. a Taurus, 9mm pistol, bearing serial number ACD769300;

8. a Taurus, 9mm pistol, bearing serial number ACD739895;

9. a Polymer80, 9mm pistol, bearing serial number CA24237;

10. a Polymer80, 9mm pistol, bearing serial number SA28254;

11. a Glock, .40 S&W caliber pistol, bearing serial number BTSG435;

12. a Glock, .357 caliber pistol, bearing serial number BMVS257;

13. a Zaviar Firearms, .300 caliber pistol, bearing serial number Z211658;

14. a Smith & Wesson, .40 S&W caliber pistol, bearing serial number NKK0209;

15. a Glock, .45 ACP pistol, bearing serial number AFNU007;

16. a Glock, .40 S&W caliber pistol, bearing serial number BTSH505;

17. a Glock, 9mm pistol, bearing serial number BGEU366;

18. a Smith & Wesson, .40 S&W caliber pistol, bearing serial number FDJ2663;

19. a Glock, .40 S&W caliber pistol, bearing serial number BTSM386;

20. a Glock, .45 GAP caliber pistol, bearing serial number RUP986;

21. a Smith & Wesson, 9mm pistol, bearing serial number FDJ1272;

22. a Smith & Wesson, 9mm pistol, bearing serial number FDA6872;

23. a Glock, 9mm pistol, bearing serial number BSTW696;

24. a Glock, .45 ACP caliber pistol, bearing serial number BHLF710;

25. a Glock, 9mm pistol, bearing serial number BTMY669;

26. a Brigade Manufacturing (Brigade Firearms), 9mm pistol, bearing serial number 22922F;

27. a Zaviar Firearms, .223/.556 caliber pistol, bearing serial number Z211347;

28. a Glock, 9mm pistol, bearing serial number BSWB094;

29. a Charter Arms, .38 Special revolver, bearing serial number 21L06597;

30. a Smith & Wesson, .380 ACP caliber pistol, bearing serial number KHZ8435;

31. a Glock, 9mm pistol, bearing serial number BUAP628;

32. a Glock, .40 S&W caliber pistol, bearing serial number BUHR609;

33. a Glock, .40 S&W caliber pistol, bearing serial number BUHR270; and

34. a Glock, .40 S&W caliber pistol, bearing serial number AFZN471.

B.   The defendant agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement. The defendant understands that, unless the Attorney General or an authorized designee determines otherwise, the forfeiture of assets described above shall not be counted towards satisfaction of any special assessment, fine, restitution, or any other penalty the court may impose.

C.   The defendant agrees not to assist any other individual in contesting the forfeiture of the assets described above and agrees that there was reasonable cause to seize those items. The defendant also agrees to prevent the disbursement of the assets described above if the

disbursements are within the defendant's direct or indirect control. The defendant agrees to take all steps requested by the United States to pass clear title to the above-described assets to the United States, including, but not limited to, the execution of the Consent Decree of Forfeiture and the completion of any other legal documents required for the transfer of title to the United States.

        D.      Further, the defendant withdraws all previously filed claims to, waives all interest in, and consents to the forfeiture or abandonment of the above-described assets. The United States has the discretion to determine whether the forfeiture or abandonment will be accomplished through an administrative or judicial proceeding, which includes any criminal, civil, state, or federal action. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives the provision of Rule11(b)(1)(J) that requires the Court to advise the defendant of this consequence at the time the guilty plea is accepted. The defendant waives any right he may have to: (1) receive notice of any non-judicial forfeiture proceeding within the time frames provided in Title 18, United States Code, Section 983, and (2) have the property returned to him if notice is not sent within those prescribed time frames. The defendant knowingly and voluntarily waives any right to receive notice of and to submit a statement of interest in any abandonment proceeding.

        E.      The defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture or abandonment carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture or abandonment constitutes an excessive fine or punishment.

13. **CIVIL CLAIMS BY THE GOVERNMENT:** Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters.

14. **EFFECT OF THE DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM:**

   A. The defendant acknowledges and understands that if the defendant violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, then the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

   (1) terminate this Agreement and Addendum; or

   (2) proceed with this Agreement and Addendum and

   (a) deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

   (b) advocate for any sentencing enhancement that may be appropriate.

   B. In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. The defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

      C.    The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

      D.    In the event that the Agreement and Addendum is terminated or if the defendant successfully moves to withdraw his plea, then any statement made by the defendant in negotiation of, or in reliance on this Agreement and Addendum, including any statements made in the course of a proffer, this Agreement, the stipulations in paragraph 5 of this Agreement, and the plea colloquy:

      (1)    may be used in the United States' case in chief and to cross examine the defendant should he testify in any subsequent proceeding; and/or

      (2)    any leads derived therefrom may be used by the United States.

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). The defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

15.    **PARTIES:** This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state, or local prosecuting, administrative, or regulatory authority.

16.    **MISCELLANEOUS:**

  A. <u>MODIFICATION</u>:  No term or provision contained herein may be modified, amended, or waived except by express written agreement signed by the party to be bound thereby.

  B. <u>HEADINGS AND CAPTIONS</u>:  Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

  C. <u>WAIVER</u>:  No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

  D. <u>RIGHTS AND REMEDIES CUMULATIVE</u>:  The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by defendant.

  E. <u>JOINT NEGOTIATION</u>:  This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms-length agreements.

17. **NO OTHER TERMS**:  This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

18. **APPROVALS AND SIGNATURES**:

    A.    **DEFENDANT**: The defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. The defendant understands and voluntarily agrees to the terms and conditions of this Agreement and Addendum. Further, the defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement and Addendum. The defendant further acknowledges that the defendant has entered into this Agreement and Addendum, consciously and deliberately, by the defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his/her attorney in this case.

    B.    **DEFENSE COUNSEL**: Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

[END OF TEXT. SIGNATURE PAGE ATTACHED.]

DATED this 6th day of February 2025.

JONATHAN D. ROSS
United States Attorney

BY: MICHAEL GORDON
Assistant United States Attorney
TX Bar No. 00795363
REESE LANCASTER
Assistant United States Attorney
AR Bar No. 2017114
P. O. Box 1229
Little Rock, Arkansas 72203
501-340-2600
michael.gordon@usdoj.gov
reese.lancaster@usdoj.gov

ORISTER BURTON
Defendant

CHRISTOPHER BAKER
Attorney for Defendant